IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-863-GMS |
| | ) | |
| DR. ALIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiff, John Garrett ("Garrett"), is a *pro se* litigant currently incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware. Pending before the Court are Plaintiff's Motion for Appointment of Counsel (D.I. 12) and "Motion for Summary Judgment" (D.I. 15), which the Court construes as a Motion for Entry of Default pursuant to Fed. R. Civ. P. 55(a).

Plaintiff alleges that Defendant, Dr. Alie ("Dr. Alie") violated his rights under the Eighth Amendment of the United States Constitution when she was deliberately indifferent to a serious medical need in the treatment of his injured finger.

**I.    MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff moves for appointment of counsel on the basis that he is indigent and he is not schooled in the law. He indicates there will be expert testimony at trial, and as a *pro se* litigant he will be at a considerable disadvantage. (D.I. 12)

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993). Under certain circumstances, the Court may in its discretion appoint

an attorney to represent an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1). In evaluating a motion for appointment of counsel filed by a *pro se* plaintiff, the Court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. *See Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 157). Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case; (3) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list, of course, is illustrative and, by no means, exhaustive. *See id.* at 458.

  Although Garrett's claim is not frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1), he does not meets the remaining factors warranting appointment of counsel. Garrett has presented his case in a clear and concise manner. It appears from the allegations and the record before the Court that he does not need assistance gathering facts to support his claims. Additionally, the Court finds that the issues, as currently presented, are not legally or factually complex, and while there may be some medical testimony, it does not appear that the case may turn on credibility determinations or on the testimony of expert witnesses. Consequently, the Court declines to appoint counsel at this stage in the litigation. Therefore, Garrett's Motion for Appointment of Counsel is denied.

## II. MOTION FOR ENTRY OF DEFAULT

Garrett filed his Motion for Entry of Default on November 25, 2005. He notes that Dr. Alie signed a waiver of service of summons and it was filed with the Court on January 25, 2005. (D.I. 11) Dr. Alie was required to file her answer by March 28, 2005. (D.I. 14) On November 3, 2005, the Court entered an order for Dr. Alie to answer or otherwise respond to the complaint within five days from the date of the order. *Id.* To date, the Court has not received the Dr. Alie's answer to the complaint. Plaintiff requests judgment in his favor upon all claims raised. (D.I. 15).

"When a party against whom a judgment for affirmative relief has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). It is clear from the record before the Court that the Dr. Alie has "failed to plead or otherwise defend" against the complaint as provided by the Federal Rules of Civil Procedure. Therefore, the Court grants Garrett's motion for entry of default.

NOW THEREFORE, THIS 20th day of December, 2005, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (D.I. 11) is DENIED.

2. Plaintiff's motion for entry of default (D.I. 15) is GRANTED. The Clerk of the Court is directed to enter default against the Defendant pursuant to Fed. R. Civ. P. 55(a).

3. The Clerk of the Court shall mail a copy of the Court's Memorandum Order to all parties.

UNITED STATES DISTRICT JUDGE



FILED
DEC 20 2005
U.S. DISTRICT COURT
OF DELAWARE

3