



FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 JAN 31  PM 12: 02

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-863-GMS |
| | ) | |
| DR. ALIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiff, John Garrett ("Garrett"), is a *pro se* litigant currently incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware. Pending before the Court are Plaintiff's Motion for Appointment of Counsel (D.I. 12) and "Motion for Summary Judgment" (D.I. 15), which the Court construes as a Motion for Entry of Default pursuant to Fed. R. Civ. P. 55(a).

Plaintiff alleges that Defendant, Dr. Alie ("Dr. Alie") violated his rights under the Eighth Amendment of the United States Constitution when she was deliberately indifferent to a serious medical need in the treatment of his injured finger.

**I.    MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff moves for appointment of counsel on the basis that he is indigent and he is not schooled in the law. He indicates there will be expert testimony at trial, and as a *pro se* litigant he will be at a considerable disadvantage. (D.I. 12)

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993). Under certain circumstances, the Court may in its discretion appoint