IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-863-GMS |
| ) | |
| DR. ALIE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

At Wilmington this 10th day of January, 2008,

The court will set aside the entry of default against the defendant Dr. Alie, and will order the Attorney General for the State of Delaware to **show cause** why he is not providing legal representation for Dr. Alie, for the reasons that follows:

The plaintiff, John Garrett ("Garrett"), is a *pro se* litigant currently incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, who filed a civil rights complaint alleging deliberate indifference to his serious medical needs. (D.I. 2.) A default in appearance was entered against the defendant Dr. Alie ("Dr. Alie") pursuant to Fed. R. Civ. P. 55(a), and the matter set for hearing on Garrett's motion for default judgment. (D.I. 17, 24.) The matter was continued after the court received a letter from Dr. Alie requesting a continuance and that stated she had never been served and was not aware of the existence of the case until the prior week. (D.I. 28.) The hearing was rescheduled and held on January 10, 2008. Both Garrett and Dr. Alie appeared at the hearing.

At the time of the alleged constitutional violation, First Correctional Medical ("FCM") had a contract with the Delaware Department of Correction to provide health care services to

inmates, and Dr. Alie worked for FCM. The court docket indicates that the U.S. Marshal effected service upon the Attorney General for the State of Delaware ("Attorney General") and filed the return of service on February 2, 2005. (D.I. 10.)

During the hearing, Dr. Alie advised the court that she signed her waiver of service and, as was the practice, turned the paperwork over to FCM. Dr. Alie advised the court that FCM had always taken care of such matters in the past, and when she became aware of the hearing in this case, she contacted FCM who told her that it was unaware of the case, it was bankrupt, it was no longer providing legal representation, and she would have to retain private counsel.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) 'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). "[I]t is well established that a district court ruling on a motion to set aside a default under Rule 55(c) . . . must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted). The court finds that Dr. Alie has satisfied all three factors. Additionally, during the hearing, Garrett stated that he did not object to Dr. Alie's motion to set aside the default.

As discussed, at the time of the alleged constitutional violation, Dr. Ali was employed by FCM, who had a contract with the DOC to provide treatment of inmates. Therefore, she acted under color of law for purposes of § 1983 when undertaking her duties in providing inmates with

medical *care*. *See West v. Atkins*, 487 U.S. 42, 48-54 (1988) (holding that a physician who is under contract with the State to provide medical services to inmates at a state-prison hospital on a part-time basis acts "under color of state law" within the meaning of § 1983). It is the usual practice of the Attorney General to provide legal representation to employees of the State of Delaware who are named as defendants in § 1983 cases. The Attorney General has notice of this matter as evidenced by the return of service. Accordingly, the court will order the Attorney General to show cause why he is not providing legal representation to Dr. Alie in this § 1983 case.

    NOW THEREFORE, IT IS HEREBY ORDERED that:

    1. The entry of default against the defendant Dr. Alie is **set aside**.

    2. Within **fourteen days** from the date of this order, the Attorney General for the State of Delaware shall **show cause** why he is not providing legal representation for Dr. Alie. The Attorney General shall serve a copy of its response to this order to the parties in this case; John Garrett and Dr. Alie.

    3. The Clerk of the Court shall mail a copy of this order to all parties.

    4. This matter is continued for **thirty days**.

/s/ *signature*
CHIEF UNITED STATES DISTRICT JUDGE

FILED
JAN 10 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE