IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GARRETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-863-GMS |
| ) | |
| DR. ALIE ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO ORDER TO SHOW CAUSE REGARDING LEGAL
REPRESENTATION FOR DR. ALIE**

COMES NOW, Ophelia M. Waters, Deputy Attorney General, and respectfully submits this response to the Honorable Court's Order dated January 10, 2008 regarding the Delaware Attorney General providing legal representation for Dr. Alie. In furtherance of this response, the undersigned Deputy Attorney General represents as follows:

1.    John Garrett, (hereinafter "Plaintiff"), in this cause of action, is a prisoner of the State of Delaware. He is sentenced to a period of incarceration in the Delaware Correctional Center, (hereinafter "DCC"), in Smyrna, Delaware. Plaintiff commenced this action on or about July 14, 2004, by filing the complaint and request to proceed in forma pauperis (D.I. 2). An Order was issued granting Plaintiff's in forma pauperis status and directing the Clerk of the Court to set a notice of compliance deadline for Plaintiff to return payment authorization (D.I. 4).

2.    On or about February 2, 2005, by Order of the Court, a notice of service by the United States Marshal to the Attorney General was entered (D.I. 10). On or about March 18, 2005, Dr. Alie, (hereinafter "Defendant"), returned a waiver of service (D.I. 11).

Defendant failed to answer or otherwise plead in accordance with the Federal Rules of Civil Procedure. On or about April 15, 2005, Plaintiff filed a Motion for the Appointment of Counsel to represent his cause of action (D.I. 12).

3.  On or about November 25, 2005, Plaintiff filed a Motion for Summary Judgment (D.I. 15). On or about December 20, 2005, this Honorable Court issued a Memorandum Order denying Plaintiff's request for counsel and granting default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). The Memorandum Order and Entry of Default mailed to Defendant were returned undeliverable (D.I. 18). On or about October 19, 2007, this Honorable Court scheduled a hearing on Plaintiff's Motion for Default Judgment as to Defendant (D.I. 26). Plaintiff's motion was sent to Defendant's last known address. Id. Defendant consequently contacted the District Court.

4.  On January 10, 2008, during a hearing with both parties present, Dr. Alie indicated to the Court that her former employer, First Correctional Medical (hereinafter "FCM") was insolvent, and that private legal counsel retained to represent FCM and its employees would no longer proved legal representation (D.I. 32). Defendant stated that she was advised to seek other private counsel. Id. After the hearing, the District Court determined that Dr. Alie satisfied all three factors to set aside an entry of default (D.I. 32). However, the District Court issued an order to the Attorney General to show cause why he is not providing legal representation to Dr. Alie in this action. Id.

### THE DELAWARE ATTORNEY GENERAL HAS A DUTY TO REPRESENT THE STATE

5.  Under Delaware law, the Attorney General's broad powers may be exercised as the public interest requires, unless restricted or modified by statute. *Darling Apartments Co. v. Springer*, 22 A.2d 397, 404 (Del. Ch. 1941). As the State's legal representative,

the Attorney General is "clothed not only with the power but also the duty to represent the State and its several departments in all litigation where the public interests are concerned. . ." Id. at 403.

6. The Delaware General Assembly enacted laws as it determined that the public interest requires that State officials be protected from liability. 10 DEL. C. 4001 et seq, 10 DEL. C. 3925, and 29 DEL. C. 2504 (3); *Smith v. New Castle County Vocational-Technical School Dist.*, 574 F. Supp. 813, 819 (D. Del. 1983). "The State Department of Justice and the Attorney General shall have the power, duty, and authority to

> 'represent as counsel in all proceedings or actions which may be brought on behalf of or against them in their official capacity in any court, except in actions in which the State has a conflicting interest, all officers, agencies, departments, boards, commissions and instrumentalities of state government. . .'

DEL. CODE ANN. 29 § 2504 (3) (emphasis added).

Moreover, "any public officer or employee, in a criminal or civil action against the person arising from state employment, shall be entitled to petition the court for a court appointed attorney to represent the person's interests in the matter." DEL. CODE ANN. 10 § 3925. The court-appointed attorney for the public officer or employee may, at the discretion of the court, be an attorney from the Department of Justice. Given the legislature's acts to provide State representation in suits against officials in their official capacity, 29 DEL. C. § 2507 prohibits State officials from securing their own counsel.

### REPRESENTATION OF PRIVATE INDIVIDUALS APPOINTED TO ASSIST THE ATTORNEY GENERAL IN PERFORMANCE OF HIS DUTIES

7. Private individuals may be represented by the State if appointed by the Attorney General in the performance of his duties. 29 DEL. C. § 2505, and 10 DEL. C. § 4001;

*Seth v. Delaware*, 592 A.2d 436 (Del. 1991). In construing 29 DEL. C., chapter 25, the State Supreme Court noted,

> when statutory language is both clear and consistent with other provisions of the same legislation and with legislative purpose and intent, a court must give effect to that intent because it is for the legislature, and not the courts, to declare the public policy of the state. Ames v. Wilmington Housing Authority, 233 A. 2d 453, 456 (Del. 1967).

*Seth v. Delaware*, 592 A.2d at 440.

 "State representation for actions taken while acting on behalf of the state is not only fair, but it may be necessary to encourage professionals to accept such appointments."

*Manchester v. Rzewnicki*, 777 F. Supp. 319 (D. Del. 1991).

8.      However, private persons who provide health care services to prisoners in the custody of the Department of Correction (hereinafter "DOC") have no constitutional or statutory right to appointed counsel by the Attorney General. Id., at 327.   Defendant, Dr. Alie, entered into a contractual agreement with FCM, a private, for-profit corporation, to render medical services to inmates in the custody of the DOC.  It is incontrovertible, the State of Delaware did not employ Dr. Alie or insure her against claims asserted by individuals or entities arising from or relating to the contract with FCM.  In fact, at the time that FCM and the DOC entered into an agreement, the obligations of FCM to provide and maintain insurance coverage, including professional liability, survived termination of the Contract. See Sealed Document as Exhibit A.  In addition, FCM retained private legal counsel to advise, counsel, and represent its staff, including Defendant, in all actions and proceedings in any court.  Specifically, FCM has agreed to hold harmless, indemnify, and defend the DOC, the State of Delaware and their agents, employees, or state officers from any and all suits, actions, losses, and liabilities for any

and all claims arising out of the negligent provision of health care services by FCM, its employees, or subcontractors under the contract. Cleary these actions undertaken by and between the DOC and FCM make clear that the medical personnel under the Contract are private individuals who exercised independent profession judgment.

### DR. ALIE IS NOT A STATE EMPLOYEE FOR THE PUROSES OF § 1983

10.     Dr. Alie is a physician, who at times relevant to Plaintiff's complaint, worked for the First Correctional Medical-Delaware, LLC to provide health care to serve the needs of the State of Delaware and inmate population. Plaintiff has alleged a constitutional violation relating to his health care. Essentially, concluding that Dr. Alie "acted under color of law for purposes of § 1983 when undertaking her duties in providing inmates with medical care," this Honorable Court has ordered the Attorney General provide legal representation to a non-state employee or public official. (D.I. 32).

11.     In *West v. Atkins*, 487 U.S. 42 (1988), an inmate brought a civil rights action against a physician who had contracted with the State to provide medical services, and state officials. The inmate, Quincy West, tore his left Achilles tendon while playing volleyball at the State prison. He alleged that Samuel Atkins, M.D., provided inadequate medical treatment by failing to schedule surgery or treat his pain and swelling. West sued under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment in reliance on *Estelle v. Gamble*, 429 U.S. 97 (1976). The *West* Court reiterated North Carolina's obligation to provide adequate medical care to its prison population and specifically to inmate West. The Supreme Court concluded that Dr. Atkins' "delivery of medical treatment to West was a state action fairly attributable to the state, and that therefore acted under color of state law for purposes of § 1983." *West v.*

*Atkins*, 487 U.S. at 57.

12.	Assuming *arguendo* that Dr. Alie is a State actor for the purposes of § 1983, the fact does not confer upon the Delaware Attorney General the power, duty or authority to initiate legal representation of her. The legislature has determined that the public interest requires that State officials be protected from liability. Dr. Alie was an independent contractor, not an employee of the State of Delaware. Title 29 of the Delaware Code does not permit the Attorney General to represent persons who are not employees of the State of Delaware.[1]

**WHEREFORE,** the Attorney General respectfully requests this Court to find that the Department of Justice has shown sufficient cause why it should not be required to represent the Defendant in the instant civil action.

                                  Respectfully Submitted,

                                  **STATE OF DELAWARE**
                                  **DEPARTMENT OF JUSTICE**

                                  ____/s/ Ophelia M. Waters_____
                                  Ophelia M. Waters, (Atty. ID# 3879)
                                  Deputy Attorney General
                                  Carvel State Building
                                  820 North French Street, 6th Floor
                                  Wilmington, DE  19801
                                  (302) 577-8400

---

[1] Dr. Sitta-Gomgeh Alie is a named defendant in *Maldonado v. F.C.M.*, et al, C.A. No. 07-63 *** , and is represented by James Drnec, Esq. of Balick and Balick, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2008, I electronically filed a *Response to Order to Show Cause* with the Clerk of Court using CM/ECF. I hereby certify that on January 24, 2008, I have mailed by United States Postal Service, the document to the following non-registered participants:

| | |
|---|---|
| John Garrett, Inmate<br>SBI # 158196<br>Delaware Correctional Center<br>1181 Paddock Road<br>Smyrna, DE 19977<br>. | Dr. Sitta B. Gombeh-Alie, MD<br>802 Ridge Court<br>Middletown, DE  19709 |

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, (Atty. ID #3879)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us