IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-863 (GMS) |
| | ) |
| DR. ALIE, | ) |
| | ) |
| Defendant. | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of April 8, 2008 (D.I. 48), the parties to the above-captioned action hereby submit their Joint Status Report.

1. Jurisdiction and Service.

    Defendant does not contest jurisdiction or service.

2. Substance of the Action.

    A.  Plaintiff's Claims:

    Plaintiff, an inmate at Delaware Correctional Center ("DCC"), brought this action against Dr. Alie for violation of his constitutional rights under the Eighth Amendment. Plaintiff dislocated a joint in the ring finger of his right (dominant) hand while playing softball at the DCC and promptly sought treatment at DCC. Plaintiff's complaint currently asserts that Dr. Alie was deliberately indifferent to his serious medical need, by failing to manage treatment of his injured finger and refusing to refer him for orthopedic surgery. Plaintiff also intends to amend the complaint to assert medical negligence against Dr. Alie for breach of the standard of care in failing to manage his treatment, resulting in a persistent dislocation of Plaintiff's finger joint that causes him pain, loss of function and deformity in that finger.

    B.  Defendant's Defenses:

    Dr. Alie was not deliberately indifferent to any serious medical need. Nothing that she did or failed to do violated the Plaintiff's constitutionally-protected rights in any way. Amendment to attempt to assert medical negligence pursuant to state law will be futile based on

    failure timely to comply with 18 Del. C § 6853. To the extent that amendment is permitted, nothing that Dr. Alie did or failed to do breached the standard of care or caused injury to Plaintiff.

3.     <u>Identification of the Issues:</u>

    A.     Plaintiff:

    The issues to be resolved include, generally, liability for deliberate indifference to a serious medical need, liability for medical negligence, and relief to be awarded to Plaintiff.

    B.     Defendant:

    Defendant does not believe there are any issues of fact. She provided the medical care that is recorded in the Plaintiff's medical records. Defendant contests liability, causation, and damages.

4.     <u>Narrowing of the Issues:</u>

    A.     Plaintiff:

    Plaintiff has not identified at this time any issue that would be appropriate for summary judgment.

    B.     Defendant:

    Defendant believes this matter is appropriate for a summary judgment motion on the issue of whether the medical care provided by Defendant, as set forth in the Plaintiff's medical records, constitutes deliberate indifference.

5.     <u>Relief:</u>

    A.     Plaintiff:

    Plaintiff seeks damages in an amount to be determined, and to have surgery to correct the dislocation in his finger joint, if possible.

    B.     Defendant:

    Defendant has not lodged any counterclaim, but may seek costs at the conclusion of the matter.

6.     <u>Amendment of Pleadings</u>:

    A.     Plaintiff:

    Plaintiff intends to seek leave to file an initial amended complaint by June 1, 2008, for the purpose of clarifying the original pleading and adding allegations of medical negligence against Defendant. Plaintiff may also seek leave to amend the complaint as the case progresses, if discovery provides additional evidence of medical negligence or deliberate indifference to serious medical need, or of other parties who may be liable for failure to treat the dislocation in Plaintiff's finger joint.

    B.     Defendant:

    Defendant Dr. Alie will oppose amendment as futile based on failure timely to comply with the requirements of 18 Del. C. § 6853.

7.     <u>Joinder of Parties</u>:

    A.     Plaintiff:

    Plaintiff does not currently expect to join any other party to this case. However, plaintiff may seek to join other parties as the case progresses, if discovery provides evidence of other parties who may be liable for failure to treat the dislocation in Plaintiff's finger joint.

    B.     Defendant:

    Defendant does not anticipate joinder of any additional parties but may seek to join other parties as third party defendants if discovery warrants such claims.

8.     <u>Discovery:</u>

    A.     Plaintiff:

    Following amendment of the pleadings, Plaintiff intends to serve written discovery on Defendant and also to pursue third party discovery to obtain medical records, if necessary. Plaintiff will depose Defendant and may also pursue additional depositions of individuals who were involved in Plaintiff's treatment, if such individuals are identified in documents or through Defendant's deposition. There will also be discovery of experts, once they are identified.

    B.    Defendant:

Defendant propounded Interrogatories and Requests for Production on March 26, 2008. Plaintiff's responses are due no later than April 25, 2008. Depending on the responses, Defendant may or may not depose Plaintiff. Unless Plaintiff identifies expert witnesses, Defendant does not anticipate the necessity of any additional discovery, but may seek medical records from third parties as well.

9. Estimated Trial Length:

    A.    Plaintiff:

1-2 days.

    B.    Defendant:

Based on the current status of this case, Defendant anticipates one day for trial. If, however, Plaintiff is permitted to amend his Complaint to add claims necessitating expert testimony, then Defendant expects trial to last three days.

10. Jury Trial:

The parties agree to a bench trial, unless Plaintiff is permitted to add claims necessitating expert testimony, in which case Defendant will request a jury trial.

11. Settlement:

    A.    Plaintiff:

There have been no settlement discussions to date. Plaintiff is amenable to settlement discussions, directly or through mediation.

    B.    Defendant:

Based on the strength of her summary judgment position, Defendant does not anticipate any type of settlement.

12. Other Matters Deemed Conducive to Resolution:

The parties agree that mediation may be appropriate.

13.     The parties to this Joint Status Report have conferred on each of the above-matters.


| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | BALICK & BALICK, LLC |
|---|---|
| */s/ Julia Heaney (#3052)* | */s/ James E. Drnec (#3789)* |
| Julia Heaney (#3052)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jheaney@mnat.com<br>*Attorneys for Plaintiff John Garrett* | James E. Drnec (#3789)<br>711 N. King Street<br>Wilmington, DE 19801<br>(302) 658-1682<br>jdrnec@balick.com<br>*Attorneys for Defendant Dr. Alie* |

2295467