UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GARRETT,              )<br>                                        )<br>            Plaintiff,          )<br>   v.                                   )<br>                                        )<br>DR. ALIE,                        )<br>                                        )<br>            Defendant.      )<br>-------------------------------------------------- | Case No. 004-863 GMS<br>JURY TRIAL DEMANDED |

## DR. ALIE'S MOTION FOR LEAVE
## TO FILE THIRD PARTY COMPLAINT

Defendant, Dr. Alie, by and through her undersigned counsel of record, hereby moves for leave to file a third party complaint and states as follows:

1. Plaintiff John Garrett has filed the above-captioned action against Dr. Alie alleging violation of constitutional rights. Upon information and belief, Mr. Garrett intends to move to amend his complaint to add claims of medical negligence under Delaware State law.

2. Dr. Alie denies that she is liable to Mr. Garrett. At the time of the incidents at issue, Dr. Alie was employed by First Correctional Medical-Delaware, LLC and/or First Correctional Medical, Inc. both of which were owned and operated by Dr. Tammy Kastre (all, collectively, "Third Party Defendants").

3. Third Party Defendants induced Dr. Alie to work for them by promising, *inter alia*, to provide defense and indemnification for suits such as this one. Despite demand for defense and indemnification by Dr. Alie, the Third Party Defendants have failed to respond. Dr. Alie has been forced to bear her own costs and, unless, Third Party

Defendants are made parties to this case, Dr. Alie may be forced to bear further liability which Third Party Defendants contracted to bear, which would be unjust.

4. Plaintiff has alleged, *inter alia*, that he was not timely scheduled to see Dr. Alie, that appointments were "overbooked" preventing him from being timely seen by Dr. Alie, that x-rays and reports were not timely processed, that he was not timely sent for a consultation, and other complaints for which Third Party Defendants, not Dr. Alie, were responsible. The facts of the above-captioned action and the question whether Dr. Alie or Third Party Defendants are responsible for these Plaintiff's claims involve the same or similar facts and identical parties, and so allowing the amendment will be in the interest of judicial economy and will not prejudice the Plaintiff.

5. Plaintiff will not be prejudiced by allowing the third party claims. Upon information and belief, Plaintiff intends to move to amend his own pleadings to add claims against Dr. Alie, and so the case will not be delayed.

WHEREFORE, for the foregoing reasons, Dr. Alie respectfully requests entry of an order granting this Motion and allowing her to file the Third Party Complaint which is attached hereto as Exhibit "A".

BALICK & BALICK, LLC

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant Sitta Gombeh-Alie

Date: June 2, 2008