UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN GARRETT, | ) | |
| | ) | Case No. 004-863 GMS |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| DR. ALIE, | ) | |
| | ) | |
| Defendant/Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, INC., | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| and DR. TAMMY KASTRE, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff Sitta Gombeh-Alie, M.D. ("Dr. Alie"), by and through her undersigned counsel, states as follows for her Third Party Complaint:

*Parties*

1. Defendant/Third Party Plaintiff Sitta Gombeh-Alie, M.D. ("Dr. Alie") is an individual resident of the State of Delaware. Dr. Alie was named as a defendant in the above-captioned action on the grounds she is alleged to have been deliberately indifferent to a serious medical need. Dr. Alie denies those claims, and denies that she was negligent or that any alleged negligence or deliberate indifference proximately caused injury to the Plaintiff.

2. Third Party Defendant First Correctional Medical Delaware, LLC ("FCMDE") is an entity organized pursuant to the laws of Delaware. In 2002, FCMDE contracted with the State of Delaware to provide medical care for inmates in the state's prison system. The contract began July 1, 2002 and was terminated June 30, 2005. During that time period, FCMDE and its staff

employees were responsible for, *inter alia*, scheduling appointments, arranging the logistics of actual consultation with or referral to specialists and determining which inmates were seen by nurses or physicians and when.

3.  Third Party Defendant First Correctional Medical, Inc. is a corporation organized pursuant to the laws of the State of Arizona, and did business in the state of Delaware through its wholly-owned subsidiary, FCMDE, which acted as the alter-ego of FCM. Neither FCM nor FCMDE observed corporate formalities. FCM's registered agent for service in Delaware is the Corporation Trust Company.

4.  Third Party Defendant Tammy Kastre, M.D. ("Kastre") is believed to be an individual resident of the State of Arizona, and is the president and founder of both FCM and FCMDE (FCM, FCMDE, and Kastre, collectively "Third Party Defendants").

5.  Dr. Alie entered into an employment contract with FCM and/or FCMDE to serve as a physician providing medical care to inmates in the Delaware state prison system.

6.  As a condition of the employment contract with Dr. Alie, FCM and/or FCMDE agreed to provide insurance for her benefit, and to indemnify, defend, and hold her harmless from suits for medical malpractice and civil rights violations alleged to arise from her work for FCM and/or FCMDE, such as the instant action.

## COUNT I
## BREACH OF CONTRACT
## AGAINST FCMDE AND FCM

7.  Dr. Alie repeats and re-alleges every preceding paragraph as if fully set forth herein.

8.  The employment contract between Dr. Alie and FCM and/or FCMDE required FCM and/or FCMDE to provide insurance coverage to and to defend and indemnify Dr. Alie against suits such as the above-captioned action.

9. Despite Dr. Alie's demands for defense and indemnification, FCM and/or FCMDE has failed to satisfy this aspect of the employment contract.

10. FCM and/or FCMDE's failure to defend and indemnify Dr. Alie in the above-captioned action breached the employment contract.

11. Dr. Alie has been injured by FCM and/or FCMDE's breach of contract.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH

12. Dr. Alie repeats, realleges and incorporates by reference every preceding paragraph of this Third Party Complaint as if fully set forth herein.

13. Pursuant to the employment contract, FCM and FCMDE had an obligation to act in good faith and to provide to Dr. Alie defense and indemnification in the above-captioned action.

14. FCM and FCMDE have breached the covenant of good faith inherent in the employment contract by failing to defend, indemnify and hold Dr. Alie harmless in the above-captioned action.

15. Dr. Alie has incurred damages as a result of FCM and FCMDE's breach of the covenant of good faith.

## COUNT III
## FRAUDULENT MISREPRESENTATION
## AGAINST KASTRE, FCMDE AND FCM

16. Dr. Alie repeats, realleges and incorporates by reference every preceding paragraph of this Third Party Complaint as if fully set forth herein.

17. Kastre, individually and as agent for FCM and/or FCMDE, falsely represented to Dr. Alie that FCM and/or FCMDE would defend and indemnify her in legal action such as the above-captioned matter.

18. Kastre, individually as agent for FCM and/or FCMDE, knew or believed that the representation was false or made the representation with a reckless indifference to the truth.

19. Through her false representation, Kastre, individually and as agent for FCM and/or FCMDE, intended to induce Dr. Alie to enter into the employment contract.

20. Dr. Alie, in justifiable reliance on the Third Party Defendants' fraudulent representation, entered into the employment contract, to her detriment.

21. Dr. Alie was injured by, and continues to be injured by, her reliance on Third Party Defendants' fraudulent representation.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
## AGAINST KASTRE, FCMDE AND FCM

22. Dr. Alie repeats, realleges and incorporates by reference every preceding paragraph of this Third Party Complaint as if fully set forth herein.

23. Kastre, individually and as agent for FCM and/or FCMDE, had a duty to deal honestly with Dr. Alie and to provide her with truthful information with respect to the terms of and the parties' respective intentions, duties and obligations under the employment contract.

24. Kastre, individually and as agent for FCM and/or FCMDE, falsely represented to Dr. Alie that FCM and/or FCMDE would defend and indemnify her in legal action such as the above-captioned matter.

25. Kastre, individually and as agent for FCM and/or FCMDE, failed to exercise reasonable care obtaining or communicating the information to Dr. Alie, and knew or should have known that the negligent misrepresentation was false.

26. Through her negligent misrepresentation, Kastre, individually and as agent for FCM and/or FCMDE, intended to induce Dr. Alie to enter into the employment contract.

27.    Dr. Alie, in justifiable reliance on Third Party Defendants' negligent misrepresentation, entered into the employment contract, to her detriment.

28.    Dr. Alie was injured by, and continues to be injured by, her reliance on Third Party Defendants' negligent misrepresentation.

### COUNT V
### UNJUST ENRICHMENT
### AGAINST KASTRE, FCMDE AND FCM

29.    Dr. Alie repeats, realleges and incorporates by reference every preceding paragraph of this Third Party Complaint as if fully set forth herein.

30.    By failing to satisfy their obligations to defend, indemnify and hold Dr. Alie harmless in the above-captioned action, Third Party Defendants are unjustly enriched by the amount of legal fees and costs, together with any potential settlement or judgment incurred by Dr. Alie herein.

31.    Due to Third Party Defendants' failure to satisfy their obligations to defend, indemnify and hold Dr. Alie harmless, Dr. Alie is impoverished in the amount of legal fees and costs, together with any potential settlement or judgment, incurred by Dr. Alie herein.

32.    There is a direct relationship between the Third Party Defendants' unjust enrichment and Dr. Alie's impoverishment.

33.    There is no justification for Third Party Defendants' failure to defend, indemnify and hold Dr. Alie harmless in the above-captioned action.

### COUNT VI
### CONTRIBUTION AND INDEMNIFICATION

34.    Dr. Alie repeats, realleges and incorporates by reference every preceding paragraph of this Third Party Complaint as if fully set forth herein.

35.    Dr. Alie denies that she was negligent, or that she violated Plaintiff's civil rights, and denies that she is liable in any measure to the Plaintiff.  To the extent that Dr. Alie is adjudged

liable to the Plaintiff, Dr. Alie brings these claims against FCM and FCMDE on the grounds that their acts or omissions were the primary cause of the Plaintiff's alleged injuries and resulting damage and that Dr. Alie is therefore entitled to indemnification from FCM and FCMDE.

36.    In the event that Dr. Alie is held primarily liable to the Plaintiff, then the acts or omissions of FCM and/or FCMDE are one of the proximate causes of the Plaintiff's alleged injuries and Dr. Alie is entitled to contribution for any amount which she may be required to pay to the Plaintiff as a result of FCM and/or FCMDE's acts or omissions based on the relative degree of fault pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Act, 10 *Del. C.* § 6301 and 6308.

WHEREFORE, defendant/Third Party Plaintiff Dr. Sitta Gombeh-Alie respectfully requests entry of judgment in her favor and against First Correctional Medical, Inc., First Correctional Medical-Delaware, LLC and Tammy Kastre, M.D. together with costs, fees and such other relief as this Court deems just.

                                    BALICK & BALICK, LLC

                                    /s/ James E. Drnec
                                James E. Drnec, Esquire (#3789)
                                711 King Street
                                Wilmington, Delaware 19801
                                302.658.4265
                                Attorneys for Dr. Sitta Gombeh-Alie

Date:    June 2, 2008