IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-863 (GMS) |
| | ) | |
| DR. ALIE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), plaintiff John Garrett moves for leave to amend the Complaint. This proposed amendment would supplement his original *pro se* Complaint to more clearly state his claim for relief under 42 U.S.C. § 1983, and would add a claim of medical negligence against the defendant, Dr. Alie.

Pursuant to D. Del. L. R. 15.1, attached as Exhibit 1 is a copy of Mr. Garrett's proposed Amended Complaint. Attached as Exhibit 2 is Mr. Garrett's original *pro se* Complaint, which differs in form from his original *pro se* pleading to such an extent that showing changes would not practical. The bases for Mr. Garrett's motion to amend are as follows:

1. Mr. Garrett is an inmate at Delaware Correctional Center with no legal education who filed this action against the defendant in July of 2004 using a form entitled "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983". (D.I. 2) On this form, Mr. Garrett set forth the facts regarding his injury, the actions and inactions of the defendant, and the consequences of the resultant deformity.

2.  Following the return of a signed waiver of service (D.I. 11), and absent any answer from defendant to his original Complaint, Mr. Garrett moved for, and was granted, an entry of default in December of 2005. (D.I. 17)

3.  At a hearing in January 2008, defendant appeared before the Court for the first time and asked the Court to set aside the entry of default. Mr. Garrett did not object to this request, but requested the appointment of counsel. (D.I. 46) The Court referred the case to the Federal Civil Panel, and representation was accepted by the undersigned counsel. (D.I. 33, 38) With the aid of counsel, Mr. Garrett was able for the first to time obtain his medical records, and have a physician review them. Mr. Garrett now seeks to add a claim of medical negligence against Dr. Alie, arising out of the same facts and circumstances pled in the original Complaint.

4.  Fed. R. Civ. P. 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Furthermore, the Supreme Court has made clear that leave to amend should be granted absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Boyer v. Taylor*, C.A. No. 06-694-GMS, 2007 WL 3407417, at *1 (D. Del. Nov. 14, 2007) ("The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'"). Furthermore "[p]ro se plaintiffs should be given an opportunity to amend their complaints unless it clearly appears that [a] deficiency [in the original pleading] cannot be overcome by amendment." *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981); *McIntyre v. City of Wilmington*, C.A. No. 01-396-GMS, 2002 WL 1586280, at *5 (D. Del. 2002).

5.Mr. Garrett has acted in good faith, and without any motive for delay. Until defendant's recent appearance, Mr. Garrett had obtained an entry of default, and therefore had no need to amend his pleadings. When defendant appeared, the entry of default was vacated and the Court appointed Mr. Garrett counsel. With counsel, Mr. Garrett is now able to clarify his original *pro se* Complaint, fully state the legal grounds for relief that his allegations support, and satisfy the technical requirements for a medical negligence claim.

6.Defendant will not be prejudiced by an amendment as this litigation is still in the initial phases. Clarifying the *pro se* Complaint will better allow defendant to understand and respond to Mr. Garrett's Complaint, and the claim for medical negligence arises out of the same facts and circumstances as the § 1983 claim. Indeed, it cannot be said that the defendant would be surprised by the addition of a medical negligence claim, because she has already propounded discovery relating to medical negligence issues.

7.Allowing Mr. Garrett to amend his Complaint would best serve the interests of justice by allowing an originally *pro se* plaintiff who has been appointed counsel to amend his Complaint to clearly state all of the legal theories for which he may recover under the facts he originally plead, and to ensure that, as this Court has stated before, his claims will be "decided on the merits rather than on technicalities." *Boyer*, 2007 WL 3407417, at *1.

8.For the foregoing reasons, Mr. Garrett's motion for leave to amend should be granted.

                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                */s/ Paul Saindon (#5110)*
                                _____
                                Julia Heaney (#3052)
                                Paul Saindon (#5110)
                                1201 North Market Street
                                P.O. Box 1347
                                Wilmington, DE  19899-1347
                                (302) 658-9200
                                psaindon@mnat.com
                                   *Attorneys for Plaintiff John Garrett*

June 2, 2008
2340641

## RULE 7.1.1 CERTIFICATE

Pursuant to D. Del. L. R. 7.1.1, this is to certify that counsel for John Garrett have discussed the subject matter of this motion with counsel for defendant Dr. Alie, and Dr. Alie stated that she will oppose the motion.

*/s/ Paul Saindon (#5110)*

Paul Saindon (#5110)

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 2, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>James E. Drnec
>BALICK & BALICK, LLC

and that copies were caused to be served upon the following individuals in the manner indicated:

**BY ELECTRONIC MAIL**

James E. Drnec
BALICK & BALICK, LLC
711 N. King Street
Wilmington, DE 19801

*/s/ Paul Saindon (#5110)*

Paul Saindon (#5110)
psaindon@mnat.com