IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-863 (GMS) |
| | ) |
| DR. ALIE, | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

For his Amended Complaint against defendant Sitta Gombeh-Alie, MD ("Dr. Alie"), plaintiff John Garrett alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This action arises under the Constitution, laws, or treaties of the United States, and seeks to redress the deprivation, under color of state law, of plaintiff's civil rights.

2. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391(b). A substantial part of the events and omissions giving rise to plaintiff's claims arose in this district, and defendants are subject to personal jurisdiction in this district.

### PARTIES

4. Plaintiff John Garrett is an inmate in the custody of the Delaware Department of Correction, currently incarcerated at the Delaware Correctional Center ("DCC"), 1181 Paddock Road, Smyrna, DE 19977.

5. Defendant Sitta Gombeh-Alie, M.D. ("Dr. Alie") is a physician who at times relevant to these allegations worked for First Correctional Medical ("FCM") as a medical doctor at DCC. FCM provided medical care to inmates at DCC under a contract with the State of Delaware during the time period relevant to these allegations.

## FACTUAL ALLEGATIONS

6. On June 2, 2003, Mr. Garrett injured his right ring finger while playing in a softball game at DCC, while he was in the custody of the Delaware Department of Correction. He sought medical care at DCC immediately after the injury. A nursing assessment protocol relating to examination of Mr. Garrett's finger on June 2, 2003 indicated that there was an obvious deformity requiring immediate referral. The nursing assessment also noted swelling and open wound in the finger. Treatment was application of an ice pack and splint. A consultation request was also completed on June 2, 2003, requesting an orthopedic consultation on an urgent basis (within 1-2 weeks).

7. Mr. Garrett obtained an x-ray of his injured finger on June 7, 2003. A radiology report was not prepared until June 13, 2003. The report indicated that Mr. Garrett's right hand ring finger had a proximal interphalangeal joint dislocation, free of any obvious complications.

8. On June 18, 2003, Dr. Alie examined Mr. Garrett's injured finger and attempted to perform a closed reduction to correct the joint dislocation. She also ordered an x-ray of the finger.

9. Mr. Garrett's injured finger was not x-rayed again until June 24, 2003. A radiology report on that x-ray was not prepared until June 30, 2003. The report indicated that the finger joint was unchanged, in comparison to the previous x-ray.

10. On June 30, 2003, Dr. Alie examined Mr. Garrett's finger. She noted that she did not have the radiology report for the x-ray that was taken postreduction and that she would follow up to obtain the report in 1-2 weeks.

11. On July 2, 2003, Mr. Garrett again sought treatment for his injured finger. The doctor who saw Mr. Garrett ordered another x-ray of the finger and referred him to see Dr. Alie again.

12. On July 8, 2003, Mr. Garrett's finger was x-rayed again. A radiology report on that x-ray dated July 11, 203 indicated that in comparison to the previous x-rays, the finger joint was beginning to show chronic degenerative change.

13. Mr. Garrett made an appointment to see Dr. Alie on July 16, 2003, but that appointment was rescheduled for July 21. Mr. Garrett attempted to see Dr. Alie on July 21 and July 28 but she did not see him on either of those days. In early August 2003, Mr. Garrett saw Dr. Alie outside of a scheduled appointment, gave her his name and inmate number and asked about treatment of his finger. Dr. Alie said that she would check his medical file.

14. Mr. Garrett did not obtain an appointment with Dr Alie until September 9, 2003. At that appointment, Dr. Alie completed a consultation request for an orthopedic consultation, indicating that Mr. Garrett's finger had a "chronic/persistent" joint dislocation.

15. On September 23, 2003, over 20 weeks after Mr. Garret's finger injury, an orthopedic surgeon examined Mr. Garrett's injured finger and obtained x-rays. The orthopedic surgeon's report indicated that, due to the length of time between the injury and the office visit, the dislocation could not be further reduced. The report also indicated that extensive surgery followed by occupational therapy would be necessary to correct the dislocation, and recommended a surgical evaluation by a hand surgeon.

16. On January 8, 2004, Mr. Garrett had his last appointment with Dr. Alie concerning his injured finger. At that appointment, Dr. Alie informed Mr. Garrett that she would not refer him for surgical evaluation by a hand surgeon.

17. Mr. Garrett is right-handed. The deformity in his ring finger joint prevents him from bending his finger and substantially limits the function of his right hand in performing daily tasks, resulting in permanent disability. He suffers constant pain in the finger. The pain in his finger disturbs his sleep if he bumps his finger while he is sleeping.

COUNT I
(42 U.S.C. § 1983)

18. Mr. Garrett realleges and incorporates by reference herein the allegations in paragraphs 1-17 of this Complaint.

19. In violation of 42 U.S.C. § 1983, Dr. Alie violated Mr. Garrett's Eighth Amendment right to be free of cruel and unusual punishment, through her failure to provide adequate medical care and through her deliberate indifference to Mr. Garrett's serious medical needs.

20. Dr. Alie accepted the responsibility of providing primary medical care to Mr. Garrett with respect to his injured right hand ring finger joint. Despite her knowledge that her attempt to perform a closed reduction on Mr. Garrett's dislocated finger joint did not correct the dislocation, and her awareness that the dislocation would become chronic if not promptly corrected, Dr. Alie failed to provide further treatment for his finger or to refer him for an orthopedic consultation for over three months from the date of his injury. Furthermore, after Mr. Garrett finally did obtain an orthopedic consultation, over 20 weeks after the date of his injury, Dr. Alie declined to refer him for surgical evaluation by a hand surgeon.

21. By failing to correct Mr. Garret's finger joint dislocation, promptly determine whether the closed reduction corrected the dislocation, refer him for an orthopedic consultation, or refer him for surgical evaluation by a hand surgeon, Dr. Alie acted with deliberate indifference to Mr. Garrett's serious medical needs and violated the Eighth Amendment of the United States Constitution.

22. Dr. Alie's failure to provide adequate medical care and her deliberate indifference to Mr. Garrett's reasonable medical needs resulted in Mr. Garrett suffering physical pain and permanent disability.

## COUNT II
### (Medical negligence)

23. Mr. Garrett realleges and incorporates by reference herein the allegations in paragraphs 1-22 of this Complaint.

24. Dr. Alie breached the applicable community medical standards, including the standards of diagnosis and treatment of common orthopedic problems as would be expected of either a primary care physician or an orthopedic surgeon, by failing to treat Mr. Garrett's dislocated finger joint while she was primarily responsible for his medical care at DCC. Specifically, Dr. Alie was negligent in failing promptly to determine whether the closed reduction that she attempted on Mr. Garrett's finger joint corrected the dislocation, while knowing that such a delay would lead to a chronic dislocation, and in failing to provide further treatment for his finger after the ineffective closed reduction, or to refer him for an orthopedic consultation until more than three months had passed since his injury.

25. Dr. Alie's negligence has resulted in Mr. Garrett suffering physical pain and permanent disability.

WHEREFORE, plaintiff John Garrett respectfully demands the following relief:

A. That this Court enter judgment for plaintiff and against defendant for damages, both compensatory and punitive, in an amount to be proven at trial;

B. That this Court enter a judgment declaring that defendant has violated Mr. Garrett's rights as guaranteed by the Eighth Amendment to the Constitution of the United States;

C. That this Court award plaintiff costs and attorneys' fees in such amount as this Court deems reasonable, pursuant to 42 U.S.C. § 1988;

D. For such other and further relief as the Court may deem appropriate under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Julia Heaney (#3052)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Plaintiff John Garrett*

June 2, 2008
2160957