UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN GARRETT, | ) | |
| | ) | Case No. 004-863 GMS |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| DR. ALIE, | ) | |
| | ) | |
| Defendant. | ) | |

-------------------------------------------------------

### DR. ALIE'S MOTION TO DETERMINE
### SUFFICIENCY OF AFFIDAVIT OF MERIT PURSUANT TO 18 DEL. C. § 6853

Defendant Dr. Alie ("Movant"), by and through the undersigned counsel of record, respectfully requests the Court review the Affidavit of Merit and *curriculum vitae* that have been filed with the Motion for Leave to File Amended Complaint in the above-captioned matter and determine whether Plaintiff's filing complies with 18 *Del. C.* § 6853 (a)(1) and (c). This Motion is based upon the following:

1.   On June 2, 2008, Plaintiff moved to amend his complaint in the above-captioned action to include state law claims against Movant sounding in medical malpractice. As the Court well knows, all such claims filed pursuant to Delaware law must comply with 18 *Del. C.* § 6853, which provides, in relevant part:

> (a) No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by:
>
> (1) An affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant. If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (2) of this subsection has not been filed with the court, then the

> Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the court.

*Id.*

If the Affidavit of Merit and the accompanying *curriculum vitae* do not comply with 18 *Del. C.* § 6853, then amendment of the complaint will be futile and the Motion for Leave to Amend should be denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

2. Because the Affidavit of Merit is filed as a sealed document, Movant has no basis to know whether a proper Affidavit of Merit has been filed, or whether it complies with 18 *Del. C.* § 6853.

3. Movant has no basis to know whether the *curriculum vitae* establish that the proffered affiant-experts are "licensed to practice medicine as of the date of the affidavit" or whether "in the three years immediately preceding the alleged negligent act [he or she] has been engaged in the treatment of patients and/or in the teaching academic side of medicine in the same or similar field of medicine" as Dr. Alie, a general practitioner then working in a correctional facility, which is a vastly different medical community than the hospitals and doctors offices wherein most "experts" practice. Movant has no basis to know whether the proffered affiant-expert "is Board Certified in the same or similar field of medicine" as Dr. Alie.

4. Dr. Alie contends that any medical expert proffered by the Plaintiff must meet the requirements of 18 Del. C. § 6853 in the context of the medical community in which she was practicing at the time for the events alleged here, i.e., prison healthcare, which has unique, specific aspects unlike the general medical community outside the prison walls. For instance, when a doctor in the prison setting wishes to refer a patient to a specialist, it is not as simple as simply giving the patient a list of practitioners in a specific field and

telling him to pick one and make an appointment. Instead, the prison doctor first has to request a consultation through her employer, which can take up to a week or longer. Approval or denial of that request is out of the doctor's hands. If the request is approved, the prison doctor then has to rely on staff (who are not, as in the outside world, her employees and agents) to arrange an appointment with an outside specialist. The field of available specialists is greatly diminished for the prison doctor because many practitioners do not want shackled prisoners and armed guards in their waiting rooms. For the same reason, where a specialist is willing to treat prisoners, the "first available" appointment is rarely available to this patient, as many outside practitioners will only schedule prisoners for the first or last appointment of the day, or before or after regular office hours. The appointment not only has to be coordinated with the patient and the specialist, but with corrections personnel who must transport and accompany the prisoner. Getting x-rays, imaging studies and film reports can also take significantly longer in the prison than in the outside world for similar reasons – they are all handled by others outside the doctor's control. Prison doctors are also relying on staff to schedule patients when they need to be seen but, unlike the outside world, here the people who are scheduling appointments are not the doctor's employees and agents and may not even be medical personnel. The standards for allowing appointments are established not by the doctor, but by the contractor or the correctional facility. These are just some of the differences with which the prison doctor contends that make the standard of care in the prison community different than in the "outside world" and Dr. Alie contends that the Plaintiff's expert must meet the standards for 18 *Del. C.* § 6853 in the context of this specific, unique medical community. Therefore, in order to satisfy the requirements of

18 *Del. C.* §6853, Plaintiff's Affidavit of Merit and/or *curriculum vitae* should state that the proffered expert has been engaged in the treatment of patients and/or in the teaching academic side of prison healthcare in the three years immediately preceding the alleged negligent acts, which occurred in the summer of 2004.

5.    Movant respectfully requests that the Affidavit of Merit and the accompanying *curriculum vitae* be reviewed *in camera* to determine whether those documents comply with paragraphs (a)(1) and (c) of 18 *Del. C.* § 6853, specifically, that each Affidavit of Merit:

   a) Is signed by an expert witness as defined in 18 *Del C.* § 6854; and

   b) Is accompanied by *curriculum vitae* for each expert;

   i) which establish that the expert for the three years preceding the negligent act, has been engaged in the treatment of patients and/or in the teaching academic side of medicine in the same or similar field of medicine as Dr. Alie (a general practitioner in a prison); and

   c) States the affiant-expert's opinions that there are reasonable grounds to believe that the applicable standard of care was breached by Dr. Alie and that the breach was a proximate cause of injury(ies) claimed in the Amended Complaint; and

   d) States an opinion that there has been medical negligence by Dr. Alie; and

   e) States that each breach by Dr. Alie was a proximate cause of injuries alleged in the Amended Complaint; and

   f) States that the affiant-expert is licensed to practice medicine as of the date of the affidavit; and

g) States that the affiant-expert is Board Certified in the same fields of medicine as Dr. Alie was practicing at the time of the events alleged.

WHEREFORE, for the foregoing reasons, Dr. Alie respectfully requests the Court review *in camera* the Affidavit of Merit and the accompanying *curriculum vitae* to determine whether they comply with the requirements of 18 *Del. C*. § 6853 and so advise the parties.

Respectfully submitted,

BALICK & BALICK, LLC

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant Dr. Alie

Date:   June 4, 2008